# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, Appellant, vs. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-7. Respondent. | No. 64861 |

FILED

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order dismissing a judicial foreclosure action for failure to comply with NRCP 16.1. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant purchased the subject property at Southern Highlands Community Association's foreclosure sale, conducted to enforce Southern Highlands' delinquent assessment lien. Thereafter, respondent instituted the underlying judicial foreclosure action against the former homeowner, naming appellant as a defendant. The district court granted respondent's motion to dismiss appellant's quiet title counterclaim, finding that appellant had failed to state a viable claim for relief because "a nonjudicial foreclosure of an HOA super priority lien which results in the elimination of a first security interest is inequitable and, further, makes no sense." Thereafter, the district court granted the former homeowner's motion to dismiss respondent's complaint due to respondent's failure to hold an NRCP 16.1 case conference. Appellant then appealed.[1]

---

[1]Because the only order being challenged on appeal is the district court's May 23, 2013, order dismissing appellant's counterclaim against respondent, that order is the only order being reversed by this disposition.

14-37608

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc: Hon. Jerry A. Wiese, District Judge
Howard Kim & Associates
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk